Lawrence LUNG et al., Plaintiffs,

v.

Fred L. O'CHESKEY, Individually and in his capacity as Director, Bureau of Revenue of the State of New Mexico, et al., Defendants.

No. 8314 Civ.

United States District Court,
D. New Mexico.

April 9, 1973.

**930**

Fred J. Morton, El Paso, Tex., John P. Otto, Phoenix, Ariz., for all plaintiffs.

David L. Norvell, Atty. Gen., Mark B. Thompson, III, Santa Fe, N. M., Richard J. Smith, Asst. Attys. Gen., Victor R. Ortega, U. S. Atty., James B. Grant, Asst. U. S. Atty., Albuquerque, N. M., and Charles E. Stratton, Trial Atty., Tax Bureau, U. S. Dept. of Justice, Washington, D. C., for defendants Landis & Shultz & United States; James Bryce, Bureau of Revenue, Santa Fe, N. M., for Bureau of Revenue of State of N. M., John C. Cook, Santa Fe, N. M., for defendants O'Cheskey & King.

Iden & Johnson, Albuquerque, N. M., for Raytheon Co.

Before SETH, Circuit Judge, and PAYNE and BRATTON, District Judges.

## MEMORANDUM OPINION AND JUDGMENT

PER CURIAM.

This civil rights action was filed in 1969 by several residents of El Paso, Texas, as representatives for a class, seeking to enjoin the allegedly unconstitutional collection of New Mexico state income tax from their pay. They have been subjected to the New Mexico tax due to their employment at White Sands Missile Range, a federal enclave located in New Mexico. On February 19, 1971, the action was dismissed by order of a three-judge court which held that it had no jurisdiction based on 28 U.S.C. § 1331 because none of the individual plaintiffs was claiming more than $10,000.00, and this was not a proper action for aggregation of individual claims to attain the required jurisdictional amount. The court further held that jurisdiction could not be anchored on 28 U.S.C. § 1343 because this was an action to redress deprivation of a property right rather than a civil right.

On April 17, 1972, the Supreme Court of the United States ordered the judgment vacated and remanded the case to the three-judge court for further consideration in light of Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Plaintiffs filed a second amended complaint on August 31, 1972, to include additional claims against C. M. Landis, Finance and Accounting Officer at White Sands Missile Range, George Schultz, Secretary of the Treasury of the United States and Raytheon Co., a government contractor which employs class members at White Sands.

Defendants Landis and Schultz are sued as individuals acting within their official capacities. Jurisdiction over the claims against them is based on 28 U.S.C. §§ 1343(3) and 1361. Plaintiffs allege in particular that these two defendants are acting under color of N.M.Stat. Ann. §§ 72–15–49 to 72–15–54 (1953 Comp.) in concert with state officials, that they are acting ultra vires of any authority conferred by 5 U.S.C. § 5517 in withholding New Mexico state income taxes from plaintiffs' pay pursuant to an agreement authorized by that section, and that if they are not acting ultra vires, then Section 5517 deprives them of equal protection of the law through the Due Process clause of the Fifth Amendment and deprives them of privileges and immunities to which they are entitled under Article IV, § 2, Clause 1. The constitutional claims arise from 5 U.S.C. § 5516 which prohibits withholding agreements covering the pay of non-residents employed in the District of Columbia. The plaintiffs ask for de-

claratory and injunctive relief on their civil rights claim and an order in the nature of mandamus compelling Landis and Schultz to pay their federal wages free and clear of any withholding of New Mexico income tax on their claim under Section 1361.

■ The power of defendants Landis and Schultz to enter into withholding agreements and to withhold New Mexico income tax from plaintiffs' pay does not derive from state law, and they are not acting under color of state law as required for a civil rights action. Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963); Williams v. Rogers, 449 F.2d 513 (8th Cir. 1971), cert. den. 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1971); Stinson v. Finch, 317 F.Supp. 581 (N.D. Ga.1970). Thus jurisdiction over the claims against Landis and Schultz under 28 U.S.C. § 1343(3) is lacking.

The claim against Landis and Schultz as individuals regarding acts performed in their official capacities is based on 28 U.S.C. § 1361 and is barred by the doctrine of sovereign immunity unless their acts were ultra vires of the power delegated them in 5 U.S.C. § 5517 or Section 5517 is itself unconstitutional. McQueary v. Laird, 449 F.2d 608 (10th Cir. 1971).

5 U.S.C. § 5517 was passed as Public Law 86-371; 73 Stat. 653 on September 23, 1959. The text of this statute incorporated in Senate Bill 2282 was submitted to the Congress with Senate Report No. 662, August 11, 1959. See U.S.Code Cong. & Admin.News 1959, pp. 2842–2844. Subsequently, however, the bill was amended after extensive debate bearing directly on the issue. See 105 Cong.Rec. 17499, 19084 (1959). A reading of the amendment and debate reveals that Congress specifically deleted any limitation, such as claimed here by the plaintiffs, on the power of the Secretary of the Treasury to enter into and effectuate a withholding agreement with a state which could cover non-resident federal employees whose work is located in the state. See 105 Cong.Rec.

19074–82 (1959). Schultz and Landis are acting within the scope of the authority granted them by Congress under Section 5517 in entering into and effectuating an agreement with the State of New Mexico for withholding of New Mexico income tax from the pay of these plaintiffs.

■ Plaintiffs' contention that Section 5517 construed in this manner deprives them of privileges and immunities granted to District of Columbia non-resident, federal employees by Section 5516 in violation of Article IV, § 2, Clause 1 is without merit. That clause is a limitation on powers of states and in no way affects the powers of Congress over matters in the District of Columbia. Duehay v. Acacia Mutual Life Ins. Co., 70 App.D.C. 245, 105 F.2d 768 (1939).

■■ Plaintiffs' final constitutional claim with respect to Landis and Schultz is that they are being denied equal protection through the Due Process clause of the Fifth Amendment because Section 5516 prevents the Secretary from entering into an agreement with the Commissioners of the District of Columbia for withholding District income tax from the pay of any federal employee not a resident of the District of Columbia. The District has no law for assessing its income tax against non-residents. See District of Columbia v. Murphy, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941). The District is not a state and is subject to exclusive legislative power of Congress. United States Constitution Art. I, § 8, cl. 17; District of Columbia v. John R. Thompson Co., 346 U.S. 100, 73 S.Ct. 1007, 97 L.Ed. 1480 (1953); Neild v. District of Columbia, 71 App. D.C. 306, 110 F.2d 246 (1940). Only invidious discrimination or a patently arbitrary classification utterly lacking in rational justification is barred by the Fifth Amendment. Gruenwald v. Gardner, 390 F.2d 591 (2d Cir. 1968), cert. den. 393 U.S. 982, 89 S.Ct. 456, 21 L. Ed.2d 445 (1968); United States v. First National Bank of Cincinnati, 329

F.Supp. 1251 (S.D.Ohio 1971); Faustino v. Immigration & Naturalization Service, 302 F.Supp. 212 (S.D.N.Y.1969), aff'd. 432 F.2d 429, cert. den. 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971). In order for a classification to be constitutional under the Fifth Amendment, the allegedly discriminatory feature must be reasonably related to a proper governmental objective. Taylor v. United States, 320 F.2d 843 (9th Cir. 1963), cert. den. 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612 (1964).

■■ During the debate on Section 5517, it was brought out that it has long been Congressional policy not to interfere with the enforcement or collection of state income tax laws. Legislation which prohibited the Secretary from entering into agreements with a state whereby its income taxes could be withheld from a non-resident, federal employee's pay would in some, if not many, instances allow that employee to avoid the income tax and place him in a preferential status when compared with non-resident, non-federal employees. The Congressional policy of cooperating with states in the collection of their income taxes, which is a legitimate governmental objective, coupled with the fact that Congress has exclusive jurisdiction over the District of Columbia which is not a state and which does not impose its income tax on non-resident employees, validates the conclusion that there is no unlawful deprivation of equal protection under the present state of facts. Since defendants Landis and Schultz are acting within the scope of their authority and are acting as authorized by a constitutional statute, the action against them based on 28 U.S.C. § 1361 is barred by the doctrine of sovereign immunity, and the complaint as against them must be dismissed.

The second amended complaint does not alter the preexisting claims against the defendant state officials, but the plaintiffs have asked that Raytheon Corporation be subjected to any injunctive relief granted against the defendants.

Plaintiffs invoke 28 U.S.C. §§ 1331, 1332 and 1343(3) as bases for the claims against the state officials. Jurisdiction under Sections 1331 and 1332 is non-existent for the reasons stated in the Court's Order of February 19, 1971 with regard to jurisdictional amount.

In Lynch v. Household Finance Corp., supra, the Supreme Court expressly rejected the distinction between personal liberties and proprietary rights as a guide to the contours of Sec. 1343(3) jurisdiction. It would thus seem that absent any other jurisdictional bar, subject matter jurisdiction would exist over this complaint in light of Lynch. However, there still exists a bar to federal jurisdiction over the civil rights claim. Footnote six of the Lynch opinion states:

"Congress has treated judicial interference with the enforcement of state tax laws as a subject governed by unique considerations and has restricted federal jurisdiction accordingly: 'The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.' 28 U.S.C. § 1341.

"We have repeatedly barred anticipatory federal adjudication of the validity of state tax laws (citing cases). The decisions cited by appellees may, therefore, be seen as consistent with congressional restriction of federal jurisdiction in this special class of cases, and with long-standing judicial policy."

■ Plaintiffs maintain that they have no plain, speedy and efficient remedy in the New Mexico courts because N.M.Stat.Ann. § 72–13–40, B (1953 Comp.), limits claims for refund to periods three years from the end of the calendar year in which payment of the New Mexico income tax was due. The record indicates that plaintiffs have never filed claims for refund pursuant to Section 72–13–40. (See Transcript of

Proceedings, November 28, 1972, pp. 23 and 36.) Merely because this limitation bars them from contesting the full time period of withholding which they wish to contest does not establish the absence of a plain, speedy and efficient remedy, it only indicates their failure to pursue that remedy. Ford Motor Credit Co. v. Louisiana Tax Commission, 440 F.2d 675 (5th Cir. 1971).

■ Plaintiffs likewise contend that the absence of an interest provision covering any refund claims made by them under the New Mexico Tax Administration Act, N.M.Stat.Ann. § 72–13–13 to 72–13–93 (1953 Comp.) (Supp.1971), makes the state court remedies provided in Sections 72–13–39 and 72–13–40 deficient. Under current law which became effective July 1, 1971, plaintiffs are allowed interest on any overpayments of tax refunded to them. *See* N.M.Stat. Ann. § 72–13–81B (1953 Comp.).

Plaintiffs' final point is that the New Mexico Supreme Court decision in Burns v. State Bureau of Revenue, 79 N.M. 53, 439 P.2d 702, cert. den. 393 U.S. 841, 89 S.Ct. 119, 21 L.Ed.2d 111 (1968), which decided related but different issues than those presented in this complaint adversely to plaintiffs, eliminates any plain, speedy and efficient state court remedy here. Plaintiffs have stated in their brief that the issues of constitutional immunity from taxation and violation of their rights to travel and engage in interstate commerce were not presented by the petitions in the *Burns* case, nor were they discussed in the New Mexico Supreme Court's opinion. Since a plain, speedy and efficient remedy exists in the New Mexico courts for each plaintiff, 28 U.S.C. § 1341 forbids the assumption of jurisdiction over the Civil Rights Act claims against the state defendants and Raytheon Corporation.

Plaintiffs having raised no other points of substance, the action is dismissed with prejudice as to defendants Landis and Schultz and without prejudice as to the remaining defendants.