**Mercy N. CLINCHER et al.**

v.

**The UNITED STATES, STATES OF MONTANA AND ARIZONA, Third-Party Defendants.**

**No. 25–73.**

United States Court of Claims.

July 19, 1974.

As Amended on Rehearing and Rehearing En Banc Denied Oct. 4, 1974.

Marvin J. Sonosky, Washington, D. C., for plaintiffs. Richard A. Baenen, Washington, D. C., atty. of record for plaintiffs.

David W. Miller, Washington, D. C., with whom was Asst. Atty. Gen. Wallace H. Johnson, for defendant.

Robert W. Corcoran, Helena, Mont., with whom was Edward Jene Bell, Helena, Mont., of counsel, for the State of Montana.

James D. Winter, Phoenix, Ariz., with whom was Gary K. Nelson, Phoenix,

Ariz., of counsel, for the State of Arizona.

Before SKELTON, NICHOLS and KASHIWA, Judges.

NICHOLS, Judge.

■ Plaintiffs are seven American Indians who are, or have been, United States employees on Indian reservations. Invoking McClanahan v. Arizona State Tax Comm., 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973), they bring this suit to recover amounts withheld from their wages by the United States for state income taxes and paid over to either the State of Montana or the State of Arizona. They did not protest the withholdings, which ceased after *McClanahan*, and they have not requested refunds under state practice. Pursuant to Rule 41, Montana and Arizona have been added to the suit as third party defendants. The United States moves for summary judgment. Also it prays for judgment against these third party defendants in the amount of any judgment that may be entered in the plaintiffs' favor against the United States. Arizona and Montana have filed motions to dismiss plaintiffs' petition. We have subject matter jurisdiction pursuant to 28 U.S.C. § 1491, since the plaintiffs are suing for amounts due them as pay earned during their United States Government employment. Ray v. United States, 453 F.2d 754, 197 Ct.Cl. 1 (1972).

■ Plaintiffs ask that this case be certified as a class action or form of a class action. In the alternative they have filed a motion for leave to add 15 additional parties plaintiff, all of whom are employed by the United States on Indian reservations not within the boundaries of Arizona or Montana.

In the recent case of Quinault Allottee Ass'n v. United States, 453 F.2d 1272, 197 Ct.Cl. 134 (1972), 14 A.L.R.Fed. 751, we held that we have the power to entertain class actions. In that case we decided not to adopt a rule complementary to Rule 23 of the Federal Rules of Civil Procedure. Recognizing that F.R.C.P. 23 is controversial, and that our needs are unlike those of the District Courts, we decided in Quinault, to handle class actions on a case by case basis, deferring promulgation of a rule of our own. *See, also,* Annot., "Maintenance of Class Actions In United States Court of Claims", 14 A.L.R.Fed. 760 (1973); Iadarola, Class Suits And The Court of Claims—Is The Court Now Ready For A Rule, 31 Fed.B.J. 225 (1972).

It is certainly fairer to the members of the class not to invite them on board a sinking ship, as this, we hold *infra,* is. Moreover, the class, according to plaintiffs, numbers about 7,000, employed on different reservations in several different states. It appears to be common ground that liability, if any, of the United States passes through to the third party defendants. Should we hold, as we do not, that the United States can be initially liable as a stakeholder who paid the wrong party, the paramount issues would then become the liability of each individual state in light of relevant treaties and statutes. *McClanahan, supra,* 411 U.S. at 173, 93 S.Ct. 1257, 36 L.Ed.2d 129. Issues might be different for different states, and for different tribes or reservations in the same state. Attorneys General of different states might employ different strategy. Thus the class action as proposed would be an unwieldly mass with the single common initial issue outweighed by a multiplicity of subsequent diverse issues. *Quinault, supra.* The normal and presently ongoing pursuit of refund claims before state agencies and courts appears cleaner, simpler, and more economical. The request for class action status is denied.

■ For the same reason we also deny plaintiffs' motion to add additional parties plaintiff. Such motion seeks to add individuals from Oregon, Idaho, South Dakota, California and Colorado. If we granted this motion the United States asks that we add the states listed above as third party defendants prior to ruling on the merits. Undoubtedly, these states would want to express their views to this court. This would unnecessarily

complicate and delay the present litigation. As stated, we perceive no assurance that the legal issues will be the same for other states as they are for Arizona and Montana.

■ The test case, brought by one or a few plaintiffs, has been the traditional method of litigating rights of Government employees in this court. We see no reason why the method is not sufficient here.

The plaintiff, *McClanahan*, was a Navajo Indian who resided on, and derived all her income from within the Navajo reservation. She sued in the state courts to recover $16.20 withheld from her wages as Arizona State income taxes, and losing there, went to the United States Supreme Court. Relying upon Federal statutes, and a treaty between the United States and the Navajos, the Supreme Court held that Arizona was without jurisdiction to tax her income earned on the reservation.

Plaintiffs argue that where the United States owes money to one party but mistakenly pays it to another party, the first party is entitled to recover those sums from the United States. Cited as authority are Fireman's Fund Ins. Co. v. United States, 421 F.2d 706, 190 Ct.Cl. 804 (1970); Stamer v. United States, 148 Ct.Cl. 482 (1960) and Central Nat'l Bank of Richmond v. United States, 91 F.Supp. 738, 117 Ct.Cl. 389 (1950). These cases are not relevant to the case at bar, since none concerns the situation where the United States as an employer, withholds state income taxes. No case has been cited to us, nor have we been able to find any cases holding that an employer is liable to its employee for income taxes erroneously withheld from the employee's wages. Looking the other way, but not directly in point, is Lung v. O'Cheskey, 358 F.Supp. 928 (D.N. Mex., (3 judge court)), aff'd 414 U.S. 802, 94 S.Ct. 159, 38 L.Ed.2d 39 (1973).

The United States withholds state income taxes from its employees as a result of contracts entered into with states pursuant to 5 U.S.C. § 5517. In relevant part that statute provides as follows:

§ 5517. *Withholding State income taxes*

(a) When a State statute—

(1) provides for the collection of a tax by imposing on employers generally the duty of withholding sums from the pay of employees and making returns of the sums to the State; and

(2) imposes the duty to withhold generally with respect to the pay of employees who are residents of the State;

the Secretary of the Treasury, under regulations prescribed by the President, shall enter into an agreement with the State within 120 days of a request for agreement from the proper State official. The agreement shall provide that the head of each agency of the United States shall comply with the requirements of the State withholding statute in the case of employees of the agency who are subject to the tax and whose regular place of Federal employment is within the State with which the agreement is made. * * *

(b) This section does not give the consent of the United States to the application of a statute which imposes more burdensome requirements on the United States than on other employers, or which subjects the United States or its employees to a penalty or liability because of this section. An agency of the United States may not accept pay from a State for services performed in withholding State income taxes from the pay of the employees of the agency.

■ We are certain that Congress could not have intended this provision to be interpreted so as to impose a greater burden on the United States than that imposed on a private employer. This is evident from subsection (b) of the statute.

■ We hold that the United States is not liable to its Arizona and Montana Indian employees for state income taxes erroneously withheld from their salaries because a private employer would not be under either Arizona or Montana law. Such liability is expressly eliminated by Ariz.Rev.Statutes § 43–188(g), and Rev. Codes of Montana § 84–4947:

Ariz.Rev.Statutes, § 43–188

(g) Liability for failure to withhold; penalty for failure to remit.

(1) The employer shall be liable to the tax commission for the payment of the tax required to be deducted and withheld under this section, and the employee shall not thereafter be liable for the amount of any such payment, *nor shall the employer be liable to any person or any employee for the amount of any such payment.* For the purpose of making penalty sections of this title applicable, any amount deducted or required to be deducted and remitted to the commission under this section shall be considered the tax of the employer and with respect to such amounts he shall be considered as a taxpayer. (Emphasis supplied.)

Rev.Code of Montana, § 84–4947

84–4947. Amount withheld considered as tax collected. All amounts deducted and withheld shall be considered as a tax collected under the provisions of this act, and *no employee shall have any right of action against his employer in respect to any moneys so deducted and withheld from his wages* and paid to the state of Montana incompliance or intended compliance with this act. (Emphasis supplied.)

These provisions are apparently patterned after I.R.C. of 1954, § 3403, or its predecessor I.R.C. of 1939, § 1623. The former is set out below:

Internal Revenue Code, 1954,
§ 3403

Sec. 3403. *Liability for tax.*

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chap-

ter, and *shall not be liable to any person for the amount of any such payment.* (Emphasis supplied.)

Arizona also provides that a taxpayer, from whose pay sums are withheld, has the same remedies as other taxpayers § 43–188(i). This appears to be implicit as to Montana. At any rate, in this court it was not denied that the involved Indians had available to them the customary and usual remedies to recover state income taxes withheld contrary to *McClanahan,* to the extent state statutes of limitations have not run. Both states are actively processing refund claims based on *McClanahan,* though the position of Montana, not yet tested administratively, or in its courts, is to deny *McClanahan* full retroactive effect.

Should there be any state that expressly or by implication imposes upon the private employer the duty to monitor the tax liability of its employees, and refrain from any withholding contrary to correct views as to the employee's tax liability, whether or not the employee has so requested, that would present us with a situation not before us here, and one as to which we express no opinion. What we have here is a case where the collection of a refund of any excess of withholding over tax liability is entirely between the taxpayer and the state. The plaintiffs are not incompetent. As their counsel admitted, there is nothing in their claims, if valid, that would not be equally valid for any non-Indian Government employee, if despite some legal immunity from state taxation, the Government withheld moneys and paid them over to the state in error as state taxes.

■ Plaintiffs' proper remedy is to follow the administrative procedures prescribed by the two states. In both states a taxpayer is required to file a claim for refund with a state administrative taxing authority. Ariz.Rev.Statutes § 43–184(b)(1); Rev.Codes of Montana § 84–4956. A condition to a taxpayer's obtaining judicial review in both states is *inter alia* a denial of the taxpayer's claim for refund by the administrative taxing authority. Ariz.Rev.

Statutes §§ 43–184(b)(1), 43–186(b); Rev.Codes of Montana §§ 84–4922, 84–4923.1. Plaintiffs apparently have never filed a claim for a refund with either of the state taxing authorities.

We therefore grant the United States' motion for summary judgment, and third party defendants', States of Arizona and Montana, motions to dismiss. The plaintiffs' motion for summary judgment is denied. The petition is dismissed.