**Odell KOMINERS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 487–81C.**

United States Claims Court.

Oct. 27, 1983.

Stephen T. Owen, Washington, D.C., for plaintiffs; Vicki J. Shteir-Dunn, Washington, D.C., of counsel.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

OPINION

TIDWELL, Judge:

This civilian pay action is before the court on cross-motions for summary judgment, submitted with oral argument. Also before the court are defendant's motion for entry of judgment and plaintiff's response. Plaintiff Odell Kominers is a retired former employee of the federal government. He seeks an increase in his Civil Service retirement annuity for the period September 1, 1979 to date of judgment, pursuant to 5 U.S.C. § 8345(f)(1) (1976), to an amount equal to the smallest primary insurance amount payable under Title II of the Social Security Act, 42 U.S.C. §§ 401–431 (1976).

Plaintiff also seeks reconsideration of the denial of class action certification by then Trial Judge Lydon.[1]

Defendant contended that plaintiff is entitled only to his earned amount of retirement annuity and that plaintiff was barred from receiving any annuity increase because plaintiff is entitled to receive benefits under Title II of the Social Security Act. *See* 5 U.S.C. § 8345(f)(3) (1976). Defendant also opposed any reconsideration of class certification. Alternatively, defendant argued that class action status should be denied due to a potential conflict of interest between plaintiff as sole class representative and the remaining class members. This court holds for the defendant, finding that plaintiff's individual claim for recovery is moot because defendant at oral argument confessed judgment thereon. This court also denies class certification. Due to this holding it is unnecessary to reach the other issues presented in this case.

On November 3, 1981 then Trial Judge Lydon denied plaintiff's motion for issuance of a notice of class action, holding that "[t]he test case approach is deemed more traditional and acceptable than 'class action' in disposing of this type of litigation." This court agrees. *See Clincher v. United States,* 205 Ct.Cl. 8, 12, 499 F.2d 1250, 1253 (1974), *cert. denied* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1976). However, because plaintiff's claim has become moot, it is unnecessary and inappropriate to pursue this test case.

▮▮▮ Article III of the Constitution defines and limits the jurisdiction of federal courts. "[T]he judicial power of federal courts is constitutionally restricted [under Article III] to 'cases' and 'controversies.'" *Flast v. Cohen,* 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1967); *Welsh v. United States,* 2 Cl.Ct. 417 at 420 (1983) (MAYER, J.). To satisfy the case-and-controversy requirement, the issues must be presented in an adversary context through-

out the entire course of litigation. *U.S. Parole Comm'n. v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1979). There must be "sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions." *Id.* at 403, 100 S.Ct. at 1212. Defendant has confessed judgment on plaintiff's individual substantive claim and "[p]laintiff does not ... have a *per se* objection to obtaining recovery of the annuity benefits he has been denied, which is the relief he seeks in his individual capacity." [2] Plaintiff's response to defendant's motion for entry of judgment at 1 (September 29, 1983). As the parties are not in opposition, the case-and-controversy imperative is not met. In sum, plaintiff's private substantive claim has become moot.

▮▮▮ Plaintiff requests reconsideration of Trial Judge Lydon's denial of class action certification. Plaintiff argues that RUSCC 23 provides a more liberal approach to class action certification because, prior to promulgation of the rule, Fed.R.Civ.P. 23 was not considered binding on the court and, therefore, class action requests were decided on an *ad hoc* basis. Plaintiff further argues that prior class certification decisions of the Court of Claims no longer govern due to promulgation of RUSCC 23. Plaintiff is mistaken. First, decisions of the Court of Claims are binding precedent on the United States Claims Court. General Order No. 1, 1 Cl.Ct. xxi (1982). Second, the requirements of Fed.R.Civ.P. 23 other than the binding of absent class members, although not mandatory, were considered persuasive criteria by the Court of Claims. *Crone v. United States,* 210 Ct.Cl. 499, 515, 538 F.2d 875, 884 (1976); *Quinault Allottee Ass'n v. United States,* 197 Ct.Cl. 134, 140, 453 F.2d 1272, 1275–1276 (1972). In fact, RUSCC 23 is substantially similar in pertinent respects to Fed.R.Civ.P. 23, with the exception that in order to be bound by a class adjudication class members must spe-

---

1. This case was reassigned to Judge Tidwell on June 14, 1983. Trial Judge Lydon of the United States Court of Claims is now a Judge of the United States Claims Court.

2. While defendant has confessed judgment, the exact amount of recovery has yet to be calculated.

cifically opt into the case. This change reflects the concerns with Fed.R.Civ.P. 23 expressed in Court of Claims decisions. For example, in *Quinault Allottee Ass'n v. United States,* 197 Ct.Cl. at 140, 453 F.2d at 1275, the court refused to adopt a class action rule, stating that Fed.R.Civ.P. 23 "particularly the part which contemplates binding absent members of the class, has evoked controversy, and 'the jury is not yet in.' " (citations omitted). Thus, there has been no great departure from prior class certification criteria or court decisions through enactment of RUSCC 23. Finally, in cases such as this, class certification should receive skeptical consideration, and "[t]he court should be reluctant to certify a class unless it is convinced that to do so would serve the interests of justice." *Cooke v. United States,* 1 Cl.Ct. 695, 698 (1983) (KOZINSKI, C.J.). Due to the potential conflict of interest discussed below, this court is convinced that it would not serve the interests of justice to certify a class action herein.

 Even if this court were to reconsider the prior ruling on class certification, class action status would be inappropriate. Prior to class certification, the court must determine if the named class representative will "fairly and adequately protect the interests of the class." RUSCC 23(a)(4). "The named plaintiffs in a class action suit and their counsel who seek to represent an absent class must maintain a trust relationship with that absent class." *Lyon v. State of Arizona,* 80 F.R.D. 665, 667 (D.Ariz.1978); *Turoff v. May Co.,* 531 F.2d 1357, 1360 (6th Cir.1976). Certain conflicts violate this trust relationship. Such a potential conflict of interest exists in the instant case. Plaintiff seeks to be the sole class representative and is a partner in the law firm which would purport to represent the putative class. Should the class be certified, plaintiff's law firm could reap great rewards which would, in turn, indirectly and substantially benefit plaintiff as a name partner in the law firm, *e.g.,* attorney's fees for the firm and enhancement of the professional reputation and good will of the firm. *Susman v. Lincoln American Corp.,* 561

F.2d 86, 94–95 (7th Cir.1977); *see* Equal Access to Justice Act, Pub.L. No. 96–481, Title II, § 204(a), 94 Stat. 2327, 28 U.S.C. § 2412 (1980). Thus, the interests of plaintiff and of the potential class are not coextensive because plaintiff's capacity to ably and diligently represent class interests could be adversely affected by the relationship with potential class counsel. Plaintiff as sole class representative would, or at least might, not fairly and adequately protect class interests. Therefore, it is

ORDERED, that judgment is to be entered on behalf of plaintiff pursuant to defendant's motion for entry of judgment. Within thirty (30) days from the date of this Order the parties are to agree upon the amount of plaintiff's recovery and to file a stipulation for entry of judgment.