**Carlton G. ABEL, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 205–89L.**

United States Claims Court.

Oct. 30, 1989.

**478**

Philip J. Shea, Phoenix, Ariz., for plaintiffs.

George William Sherk, Washington, D.C., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On April 25, 1989, plaintiffs filed their complaint which, among other things, requested class certification. Defendant opposed. After reviewing the motions, responses, relevant rules and case law, the court denies plaintiffs' request for class certification.

Traditionally, class actions have not been favored by this court,[1] *see Crone v. United States,* 538 F.2d 875, 210 Ct.Cl. 499 (1976); *Clincher v. United States,* 499 F.2d 1250, 205 Ct.Cl. 8 (1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1976), inasmuch as the burden of proof rests on plaintiffs to show that, under their particular circumstances, a class action would be appropriate. *Peterson v. Oklahoma City Hous. Auth.,* 545 F.2d 1270, 1273 (10th Cir.1976); *Cash v. Swifton Land Corp.,* 434 F.2d 569, 571 (6th Cir.1970).

Rule twenty-three of the United States Claims Court (RUSCC) requires the court to "determine in each case whether a class action may be maintained and under what terms and conditions." Therefore, in accordance with RUSCC 23, this court will not certify a class unless it is convinced that to so certify would serve the interests

of justice. *Saunooke v. United States,* 8 Cl.Ct. 327, 330 (1985); *Cooke v. United States,* 1 Cl.Ct. 695, 698 (1983). The circumstances of the present action indicate the contrary. Were the court to certify this action as a class action, the court would, in essence, be inviting potential litigants to come forward with their claims; this is a precarious position which this court chooses not to take. *See Saunooke,* 8 Cl.Ct. at 330.

The Federal Rules of Civil Procedure (FRCP) provide additional guidance to the court as to what terms and conditions ought to be considered when weighing the judiciousness of a class action. Rule twenty-three states four requirements in order to maintain a class action:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FRCP 23. In the present action, plaintiffs have not satisfied all of these requirements.

Although at this stage of the proceedings it appears that there may be questions of law and fact common to the entire class, it also appears that there are claims and questions of fact that may be specifically individual, for example the determination of individual water rights and uses based on area historical use and the varying types and landscape of plaintiffs' lands. It follows, therefore, that the class representatives may not fairly and adequately protect the interests of the class. Additionally, the numerosity requirement has not been satisfied. At present, there are 1,218 plaintiffs joined to this action. While the number of potential claimants is large, it is by no means unmanageable. This court

---

1. In *Saunooke v. United States,* 8 Cl.Ct. 327, 329 (1985), the court explained why class actions are disfavored particularly in this court: 1) there is a strict interpretation that accompanies a waiver of sovereign immunity and, based on the waiver encompassing this court's jurisdiction, only individual plaintiffs could meet the burden of proof requirements; and 2) the inherent difficulties encountered by the court in utilizing opt-in or opt-out class proceedings persuasively sway the scales against their use.

"has never expressed any concern nor had any difficulty dealing with cases involving hundreds of party plaintiffs or with single plaintiff 'test' cases." *O'Hanlon v. United States,* 7 Cl.Ct. 204, 206–07 (1985); *see generally Bendure v. United States,* 225 Ct.Cl. 573 (1980); *Acker v. United States,* 620 F.2d 802, 223 Ct.Cl. 281 (1980). The court does not foresee any problems with potential future claimants joining this action or maintaining their own separate action.

Finally, plaintiffs urge the court to certify the present action as a class action based upon section 10(a)(4) of the Settlement Act of October 20, 1988. Section 10(a)(4) provides in relevant part that consent is given to "Allottees to maintain actions, individually or as a class, against the United States in the United States Claims Court...." Plaintiff would have the court interpret this language as to require the court to certify plaintiffs' action as a class action. The court is unable to find any such requirement in this language. The plain language, on its face, indicates discretion as to maintaining actions, individually or as a class. Accordingly, the court is not bound by this language to certify plaintiffs' action as a class action.

### CONCLUSION

In light of the manageable number of individual plaintiffs, the identifiability of and the ease to join potential claimants, the fact specific nature of plaintiffs' claims, and in accordance with the discretion granted to this court by section 10(a)(4) of the Settlement Act of October 20, 1988, and by RUSCC 23, the court denies plaintiffs' request to certify this action as a class action.

IT IS SO ORDERED.