Michael **CHRISTENSEN, et al.,** Plaintiff,

v.

The **UNITED STATES,** Defendant.

No. 00–355C.

United States Court of Federal Claims.

April 9, 2001.

Barry P. Steinberg, Washington, D.C., for plaintiff, with whom was of counsel William A. Aileo, Springville, PA.

Lee J. Freedman, Department of Justice, Civil Division, Washington, D.C., for defendant, with whom were Acting Assistant At-

---

torney General Stuart E. Schiffer, Director David M. Cohen, Deputy Director James M. Kinsella, and of counsel Major Jennifer Grimm, United States Air Force.

### Order

MOODY R. TIDWELL, III, Senior Judge.

This matter comes before the court on plaintiffs' motion to certify a class on an Opt–In basis. Plaintiff seeks the class to consist of all commissioned officers of the United States Air Force ("USAF") who were considered by and selected for involuntary retirement from the USAF by the Fiscal Year 1994B Colonel Selective Early Retirement Board ("FY94B SERB" or "board").

For the reasons set forth below, the court allows plaintiffs' motion for certification of the aforementioned class.[1]

### BACKGROUND

The following facts are undisputed for the purposes of these motions, unless otherwise noted. In January 1994, the USAF convened the Fiscal Year 1994B Colonel Selective Early Retirement Board. The board was assembled to select active duty colonels serving in the USAF for mandatory early retirement as part of the congressionally mandated reductions of individuals in the uniformed services. Those soldiers selected were drawn from three different categories, including, colonels in the 1967 and 1969 year groups, and colonels serving as chaplains.

From information gained by defendant's response brief, filed January 31, 2001, those selected for involuntary retirement consisted of the following: 111 colonels from the 1967 year group, 80 colonels from the 1969 year group, and 7 colonels from the chaplain group.

On June 22, 2000, plaintiffs filed their complaint in the instant matter claiming that the board used unconstitutional criteria to make the aforementioned selections. In particular, the Secretary of the USAF issued a Memorandum of Instructions for the FY94BSERB

which included, inter alia, the following requirements:

> Your evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority officers and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and Chief of Staff, a report of minority and female officer selections as compared to the selection rates for all officers considered by the board.

*See Complaint* at 4 (Filed: June 22, 2000).

Plaintiffs allege that defendant had no compelling governmental interest which justified any consideration based upon race or ethnicity and failed to narrowly tailor its discriminatory procedures. Plaintiffs further allege that defendant's instructions on gender related selections did not serve a governmental objective and the discriminatory procedures adopted by the government did not substantially relate to the achievement of any important governmental objective.

In furtherance of their case, plaintiffs now seeks the court's certification of a class consisting of all commissioned officers of the USAF who were considered by and selected for involuntary retirement by the board, pursuant to Rule 23 of the Rules of the Court of Federal Claims ("RCFC").

### ARGUMENT

 Rule 23 of the RCFC grants the court broad discretion over decisions of class certification. *See Taylor, et al. v. United States*, 41 Fed.Cl. 440, 444 (1998). In making this determination, the court assesses the criterion set forth in *Quinault Allottee Association, et al. v. United States*, 197 Ct.Cl. 134, 453 F.2d 1272 (Ct.Cl.1972). This bench-

---

1. In making this determination, the court does not resolve any substantive legal issues or make any factual findings.

mark decision established the following standards warranting class certification:

> (1) members must constitute a large but manageable class; (2) there is a question of law common to the whole class; (3) a common legal issue overrides separate factual issues affecting individual members; (4) claims of the party plaintiff are typical of claims of the class; (5) the Government must have acted on grounds generally applicable to the whole class; (6) the claims of many claimants must be so small that it is doubtful they would be otherwise pursued; (7) the party plaintiffs must adequately and fairly protect the interests of the class without conflicts of interest; and (8) the prosecution of individual lawsuits must create a risk of inconsistent or varying adjudications.[2]

*Buchan, et al. v. United States,* 27 Fed.Cl. 222, 224 (1992) (*citing Quinault,* 197 Ct.Cl. at 140–41, 453 F.2d 1272). The court also weighs whether certifying the group as a class action would serve the interest of justice. *See Moore v. United States,* 41 Fed.Cl. 394, 397 (1998) (*citing Kominers v. United States,* 3 Cl.Ct. 684, 686 (1983)).

■ The total number of colonel selectees equal 198 members. Although it is a relatively small group when compared to other groups seeking class certification, the court is satisfied that such a class would be manageable yet large enough to justify certification. The court finds no compelling reason why each category of selectees, i.e., colonels in the 1967 and 1969 year groups, and colonels serving as chaplains, cannot be combined into one group for class certification purposes. The factual issues affecting each individual member of the class and their assigned category are diminutive when compared to the overriding legal issues involved in the instant matter.

Likewise, the question of law, whether the instructional language of the USAF's FY94BSERB memorandum was an unconstitutional directive, inherently concerns all possible members of the class. The consequence of these instructions, if found to be in violation of the constitution, could demonstrably effect the class as a whole and, therefore, is in the best interest of justice to certify the class action suit.

The court also finds that the claims of the party plaintiffs are typical claims of the class, as all of the class members were subject to the instructional memorandum issued by the Secretary of the USAF. Further, due to the expiration of the statute of limitations for future individual claims, the court finds that individual class members would not be able to pursue their claims in this court but for the certification of the class action. It is also doubtful that members of the class would file suit or apply for a statute of limitations waiver for their appeal to the USAF Board for the Correction of Military Records due to the cost of individual litigation faced by the retired USAF officers.

Finally, the court is satisfied that the class will be adequately represented and their interests fairly protected by plaintiffs' counsel. Plaintiffs' attorneys are neither members of the class nor related to members of the class, and they do not have an economic stake in a positive outcome of the suit beyond the potential recovery of attorney fees. *See Kominers v. United States,* 3 Cl.Ct. 684, 686 (1983). There is no evidence that counsel is incapable or lacks sufficient resources for the completion of the litigation. *See Black v. United States,* 24 Cl.Ct. 471, 478 (1991).

The court furthermore finds that an opt-in approach to ascertain the composition of the class is appropriate in the instant matter. *See Christian v. United States,* 46 Fed.Cl. 793, 818 (2000) (certifying an opt-in class).

## CONCLUSION

Plaintiffs' motion to certify is hereby *ALLOWED.* An Opt–In class is certified consisting of persons who meet all of the following requirements:

> (1) all commissioned officers of the United States Air Force
>
> (2) who were considered by and selected for involuntary retirement from the United States Air Force

---

2. In *Moore v. United States,* the court found that the eighth Quinault criterion no longer applies because the Federal Circuit now hears appeals from both the district courts and this court in cases seeking compensation for a taking. See 41 Fed.Cl. 394, 400 (1998) (*citing* 28 U.S.C. § 1295 (1994)). The court agrees with this finding as applied to the instant action.

(3) by the Fiscal Year 1994B Colonel Selective Early Retirement Board.

The parties are directed to confer and propose, jointly if possible, a method for notifying class members and for receipt of their notification. The parties are hereby ordered to file a joint status report on or before April 30, 2001 with their proposal.

Additionally, defendant's motion to appoint Barry P. Steinberg and William A. Aileo as counsel to represent the interests of the class is hereby *ALLOWED*.

Due to the decision to certify the class and proceeding notification process in the instant matter, the court finds that defendant's motion to dismiss and for summary judgment, and plaintiffs' cross-motion for summary judgment are not yet ripe at this time. Therefore, defendant's motion, filed on February 9, 2001, and plaintiffs' cross-motion for summary judgment, filed on March 7, 2001, are hereby *DENIED*.

The court will determine the procedural track (i.e., dispositive motion schedule and/or trial) after proper notification of the class has been complete and the class has had an adequate opportunity to consult with their legal counsel.

**IT IS SO ORDERED.**