Marvin D. CUTRIGHT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 172–88C.

United States Claims Court.

Oct. 11, 1988.

P. Christian Hague, Pittsburgh, Pa., for plaintiff. Frank G. Salpietro, and Brian G. Brunsvold, of counsel.

Agnes M. Brown, Washington, D.C., with whom were Asst. Atty. Gen. John R. Bolton, and John L. Chastain, of counsel, for defendant.

## ORDER

FUTEY, Judge.

This case is presently before the court on plaintiff's "Motion to Certify Case as a Class Action." The complaint asserts that the United States has "afforded [plaintiff and the proposed class members] less than full benefits granted under the Leave Act, ..." in violation of the Fifth Amendment. For the reasons stated hereinafter, plaintiff's motion for class certification is denied.

### Factual Background

Plaintiff, Marvin Cutright, was a court reporter for the United States district courts continuously from September, 1958, to October, 1986. Upon retirement plaintiff requested benefits from the Administrative Office of the United States Courts (Administrative Office)[1] to which he alleges an entitlement under the Annual and Sick Leave Act (Leave Act), 5 U.S.C. § 6301 et seq. (1982)[2]. The Administrative Office responded to Cutright's request in a letter dated March 3, 1987, informing him that until 1984, all court reporters had been

---

1. Pursuant to 28 U.S.C. § 604(a)(1) (1982), the Administrative Office has responsibility to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts...."

2. Federal employees covered by the Leave Act earn a specific number of hours of sick and annual leave each pay period based on years of service. Upon departure from government service employees are entitled to a lump sum payment for accumulated annual leave. Sick leave may be credited towards civil service retirement annuity, but is not calculated into the lump sum payment.

considered intermittent federal employees and were therefore excepted from accruing benefits under the Leave Act. In 1984, those court reporters placed on regular tours of duty (*i.e.* fixed hours specified in advance) earned annual leave pursuant to policy set by the Judicial Conference of the United States (Judicial Conference)[3]. In accordance with this policy the offices of the clerks of the court were instructed to maintain leave records for court reporters with regular tours of duty. Cutright was advised by the Administrative Office to send his leave records for processing in order to pay any annual leave to which he was entitled[4].

The present suit contends that the policy which excepts certain government workers from the benefits of the Leave Act violates the Fifth Amendment. Plaintiff brings this action "on behalf of [himself and] all present and former judicial system employees who have been afforded less than full benefits granted under the Leave Act." The proposed class members include: court reporters; bankruptcy judges; United States magistrates; law clerks; judicial secretaries; magistrates' secretaries; and, magistrates' clerical assistants. Plaintiff requests class certification be granted, asserting: (1) the class is so numerous that joinder would be impractical, (2) common issues predominate, (3) there is a risk of inconsistent adjudications, (4) he can adequately represent the interests of the class, and (5) a class action would serve the interests of justice.

Oral argument on the motion for class certification was heard by this court on August 2, 1988.

## Discussion

Pursuant to 28 U.S.C. § 2503(b) (1982), the Claims Court is authorized to promulgate rules of practice and procedure. In 1982, upon creation of this court, rules of procedure were adopted, Rules of the United States Claims Court (RUSCC), which incorporated the Federal Rules of Civil Procedure (FRCP), to the extent that they could appropriately be applied to procedures in this court. The class action rule adopted by the court, RUSCC 23, set forth specific criteria for determining when class actions should be maintainable.

Effective February 15, 1984, RUSCC 23 was substantially amended to read as follows:

> A motion to certify a class action shall be filed with the complaint and comply with Rule 3(c), with service to be made as provided in Rule 4. The court shall determine in each case whether a class action may be maintained and under what terms and conditions.

This current version of RUSCC 23 provides for a case by case determination of the propriety of granting class certification. Although the rule does not specify standards for granting certification, this court is guided by the decisions of the Court of Claims which are binding precedent on the United States Claims Court. General Order No. 1, 1 Cl.Ct. xxi (1982).

The criteria enunciated in *Quinault Allottee Ass'n v. United States*, 197 Ct.Cl. 134, 453 F.2d 1272 (1972), have been accepted by this court as proper standards for determining class certification. *Crone v. United States*, 210 Ct.Cl. 499, 515, 538 F.2d 875, 884 (1976); *Clincher v. United States*, 205 Ct.Cl. 8, 11, 499 F.2d 1250, 1252 (1974) *cert. denied*, 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975); *Saunooke v. United States*, 8 Cl.Ct. 327, 331 (1985); *O'Hanlon v. United States*, 7 Cl.Ct. 204, 206 (1985). The *Quinault* court, partially employing FRCP 23, set forth eight criteria as follows:

> (i) [T]he [members] constitute a large but manageable class, (ii) there is a question of law ... common to the whole class, (iii) this common legal issue is a predominant one overriding separate factual issues affecting the individual members, (iv) the claims of the present plain-

---

**3.** Under 28 U.S.C. § 753 (1982), court reporters are appointed and employed by the district courts subject to the supervision of the Judicial Conference.

**4.** This court's record is void of evidence of whether Cutright forwarded any records for processing.

tiffs are typical of the claims of the class, (v) the Government has acted on grounds generally applicable to the whole class, (vi) the claims of many [members] are so small that it is doubtful that they would be pursued other than through [a class action], (vii) the current plaintiffs will fairly and adequately protect the interests of the class without conflict of interest, (footnote omitted) and (viii) the prosecution of individual actions by members of the class, some in district courts and some in this court, would create a risk of inconsistent or varying adjudications.

*Quinault,* 197 Cl.Ct. at 140–41, 453 F.2d 1272.

■ The Claims Court and its predecessor have "generally disfavored" granting class certification, reserving this procedural technique for "extraordinary cases." *O'Hanlon,* 7 Cl.Ct. at 206. This predilection against class actions stems from practical considerations founded in the unique jurisdiction of this court. *Saunooke,* 8 Cl.Ct. at 329–30.

Plaintiff asserts that common questions of law and fact predominate over individual issues affecting the proposed class members. He alleges that the predominant issue is whether the proposed class members have been denied Leave Act benefits. However, the individual issues in this case are overriding. Entitlement to these benefits is contingent upon facts which vary for each of the different types of government employees.

The proposed class members have been excluded from coverage pursuant to exceptions of the Leave Act and policies of the Judicial Conference. Part-time employees with irregular hours and Presidential appointees are specifically excluded under the provisions of the Leave Act[5]. Although not falling within the Presidential appointee exception, magistrates and bankruptcy judges[6] were excluded from the Leave Act until 1987, under policy set by the Judicial Conference. *See* L. Ralph Mecham, Memorandum to all United States Judges and Magistrates (Nov. 27, 1987). From 1949 to 1983, the Judicial Conference authorized each Article III judge to elect whether his or her personal staff would be covered by the Leave Act. *Report of the Proceedings of the Judicial Conference of the United States,* at 57 (September 18–19, 1986). In September 1983, the Judicial Conference approved a policy that placed all new secretaries to judicial officers under the Leave Act. *Report of the Proceedings of the Judicial Conference of the United States,* at 50 (September 21–22, 1983). In 1987, all law clerks were also given the option of coverage. *See* L. Ralph Mecham, Memorandum to all Bankruptcy Judges and Magistrates (April 10, 1987); L. Ralph Mecham, Memorandum to all Article III and Claims Court Judges (April 15, 1987). Moreover, secretaries and law clerks who had previously worked regular tours of duty were entitled to Leave Act benefits prior to this policy change. *See Cain v. United States,* 77 F.Supp. 505 (N.D.Ill.1948).

Furthermore, under 5 C.F.R. § 630.101 (1988), the head of an employing agency is responsible for administering the Leave Act and maintaining records. Each of plaintiff's proposed employment classes have Leave Act benefits administered by a different authority.[7]

---

5. The Leave Act applies to all federal employees with thirteen enumerated exceptions, including part-time workers and Presidential appointees. In pertinent part 5 U.S.C. § 6301(2) (1982) states:

   [An] "employee" [for purposes of the Leave Act] does not include—

   .    .    .    .    .

   (ii) a part-time employee who does not have an established regular tour of duty during the administrative work week;

   .    .    .    .    .

   (xiii) an officer in the legislative or judicial branch who is appointed by the President.

6. Pub.L. 98–353, title I, § 104(a), 98 stat. 336 (as codified at 28 U.S.C. § 152) effective July 10, 1984, provides for appointment of bankruptcy judges by the court of appeals for each circuit.

7. Bankruptcy judges have Leave Act benefits administered by the Court of Appeals, 28 U.S.C. § 152 (Supp. III 1983–1986), magistrates by the district court, 28 U.S.C. § 631 (1982), secretaries and law clerks for circuit judges, district judges, claims court judges, bankruptcy judges and United States magistrates by their respective courts, 28 U.S.C. §§ 712, 752, 794, 156, 635 (1982 & Supp. III 1983–1986), clerical and other

In granting class certification common factual issues should be weighed more heavily than common legal issues. *Cooke v. United States*, 1 Cl.Ct. 695, 698 (1983). In the case at bar, separate factual evaluations would be necessary to determine in which instances, if any, relief would be appropriate. "Where factual issues are not common among numerous potential plaintiffs, the class action is of no greater value than repetitive lawsuits, since under either form of proceeding separate determinations of each factual issue would remain necessary." *Saunooke*, 8 Cl.Ct. at 332. Due to the lack of common factual issues, plaintiff could not adequately represent the proposed class.

Class certification should not be granted unless it will "serve the interests of justice." *Cooke*, 1 Cl.Ct. at 698. The present case warrants individualized attention which would not be possible if it were to proceed as a class action. Thus, this court finds that class certification in this instance would not serve those interests.

Additionally, plaintiff has failed to satisfactorily show the number of members in his proposed class. The initial complaint states that the class "number[s] several thousand". Plaintiff subsequently estimat-

ed that approximately five thousand persons would fall within the proposed class. However, no evidence has been presented to support this claim. Allegations of the size of a proposed class are insufficient to satisfy the requirement of numerosity. *Saunooke*, 8 Cl.Ct. at 333.

Although claims from the proposed class members may be filed in either the Claims Court or a federal district court depending on the jurisdictional amount, this will not give rise to inconsistent adjudications. All Tucker Act claims are appealed to the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295 (1982). Therefore, there is "no danger of a split among the circuits." *O'Hanlon*, 7 Cl.Ct. at 207.

## Conclusion

For the foregoing reasons, plaintiff's motion for class certification is denied.

IT IS SO ORDERED.

---

employees of the Court of International Trade by that court, 28 U.S.C. § 871 (1982), and official court reporters by the Judicial Conference, 28 U.S.C. § 753 (1982).